1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAVON JONES,                                No.  2:14-cv-2877 WBS KJN P

12                  Plaintiff,

13          v.                                    ORDER

14   E. SWARTZ, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                                  1

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3      The court is required to screen complaints brought by prisoners seeking relief against a

4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

16  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

17  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

18  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

19  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

20  this standard, the court must accept as true the allegations of the complaint in question, Hospital

21  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

22  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

23  McKeithen, 395 U.S. 411, 421 (1969).

24      The complaint in this action fails to state a claim upon which relief may be granted.  The

25  statement of claim therein provides as follows:

26          On 4-25-14 Dr. Kahlon came to my cell and told me that he is
            ordering for my antidepressant medication Effexor to be crushed up
27          and put in to liquid. There is no mandate from CDC that require[s]
            anti-depressant medications to be crushed up and put in to liquid.  I
28          have a right as an inmate to see and to identify what type of

medication that I'm taking at all times.  I was at Donovan State Prison in 2010 when a nurse crushed up my medication and put it into liquid and it was the wrong medication which caused me to be hospitalized.  I could not identify or see what type of medication that I was given at the time the nurse gave it to me.  I have not had any problems with not taking my medication in the past or now.  Dr. Kahlon did a order for a blood test and the blood test came back positive for Effexor.  Dr. Swartz is the one who gave orders for Dr. Kahlon to have my antidepressant medication crushed up and put in water.

(Complaint, ECF No. 1 at 4-5.)  The complaint names Dr. Swartz and Dr. Kahlon as defendants.

(Id. at 3.)  Plaintiff seeks an injunction preventing his medication from being crushed and put in liquid before being served to him.  (Id. at 4.)

The court infers that plaintiff is attempting to state an Eighth Amendment claim against defendants Drs. Swartz and Kahlon for deliberate indifference to his serious medical needs.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment."  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted).  Plaintiff must show "deliberate indifference" to his "serious medical needs," id. at 104, which includes "both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 982 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

To meet the objective element, plaintiff must demonstrate the existence of a serious medical need.  Estelle, 429 U.S. at 104.  Such a need exists if the failure to treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotes and citations omitted).  Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain."  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

3

1        Under the subjective element, a prison official is deliberately indifferent only if the

2   official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v.

3   Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotes and citation omitted).  To prevail on

4   a claim for deliberate indifference, a prisoner must demonstrate that the prison official "kn[ew] of

5   and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of

6   the facts from which the inference could be drawn that a substantial risk of serious harm exists,

7   and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate

8   indifference "may appear when prison officials deny, delay or intentionally interfere with medical

9   treatment, or it may be shown by the way in which prison physicians provide medical care."

10  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  The court "need not defer to the

11  judgment of prison doctors or administrators" when deciding the deliberate indifference element.

12  Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989).

13       In applying this standard, the Ninth Circuit has held that before it can be said that a

14  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

15  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

16  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing

17  Estelle, 429 U.S. at 105-06.)  A complaint that a physician has been negligent in diagnosing or

18  treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

19  Amendment.  Even gross negligence is insufficient to establish deliberate indifference to serious

20  medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A difference of

21  opinion between medical professionals concerning the appropriate course of treatment generally

22  does not amount to deliberate indifference to serious medical needs.  Toguchi, 391 F.3d at 1058;

23  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Also, "a difference of opinion between a

24  prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§]

25  1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  To establish that such a

26  difference of opinion amounted to deliberate indifference, the prisoner "must show that the course

27  of treatment the doctors chose was medically unacceptable under the circumstances" and "that

28  they chose this course in conscious disregard of an excessive risk to [the prisoner's] health."

1   Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d

2   1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary

3   delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see

4   also Snow, 681 F.3d at 988 (decision of non-treating, non-specialist physicians to repeatedly deny

5   recommended surgical treatment may be medically unacceptable under all the circumstances.)

6       As pled, plaintiff's complaint fails to adequately allege the existence of either the

7   objective or subjective elements of an Eighth Amendment deliberate indifference claim.

8       As to the objective prong, plaintiff has failed to allege facts demonstrating the existence of

9   a serious medical need.  Plaintiff does not allege an untreated injury, a medical condition, or

10  chronic and substantial pain requiring treatment.  McGuckin, 974 F.2d at 1059-60.  The fact that

11  plaintiff fears, or could be at risk of, injury if he is inadvertently given the wrong medication does

12  not, in and of itself, rise to the level of a serious medical need.  Plaintiff has failed to allege how

13  his particular circumstances give rise to a unique danger of injury, as opposed to the same danger

14  faced by every inmate served medications in powdered, dissolved form.

15      As to the subjective prong, plaintiff has failed to allege facts which suggest that his claim

16  rises above the level of potential negligence, to the level of deliberate indifference, on defendants'

17  part.  Plaintiff has failed to plead any facts which demonstrate that crushing and dissolving his

18  medication is "medically unacceptable under the circumstances," Jackson, 90 F.3d at 332, or

19  which suggest defendants are "conscious[ly] disregard[ing] an excessive risk to [his] health," id.,

20  if he is given medications in this form.  There is of course a risk that plaintiff, like any patient,

21  may be given the wrong medication.  But plaintiff has failed to allege facts which demonstrate

22  that such a risk is "excessive," given his circumstances, and that defendants are aware of and are

23  consciously disregarding this risk.  While the court understands plaintiff's desire not to once

24  again suffer harm from being given the wrong medication, the fact that plaintiff was previously

25  hospitalized because he was given the wrong medication in crushed, dissolved form does not, in

26  and of itself, demonstrate the presence of an "excessive risk to [his] health or safety . . . ."

27  Farmer, 511 U.S. at 837.

28  ////

5

Because plaintiff has failed to adequately plead the elements of an Eighth Amendment claim under § 1983 for deliberate indifference to his serious medical needs, the complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 14) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

1      4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

2  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

3  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

4  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

5  two copies of the amended complaint; failure to file an amended complaint in accordance with

6  this order will result in a recommendation that this action be dismissed.

7      5.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

8  complaint.

9  Dated:  March 10, 2015

10

11

/jone2877.14.new

12

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7